UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

LIAT BOHADANA CASTEIL, as
Administrator ad Prosequendum for the
ESTATE OF SHAY BOHADANA, decedent,

          Plaintiff,

- against -

JUAN C. DIAZ-CASAMAYOR, FLAT
RATE LONG DISTANCE INC., PENSKE
TRUCK LEASING COMPANY, LP, ABC
CORPS. 1-5, and JOHN DOES 1-5,

          Defendants.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/16

**MEMORANDUM
OPINION AND ORDER**

15-cv-4925 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On January 8, 2016, Flat Rate Long Distance Inc. ("Flat Rate") and Penske Truck Leasing Company, LP moved to transfer this case to the Western District of Missouri. Juan Diaz-Casamayor joined in the motion on January 15, 2016. For the following reasons, defendants' motion is GRANTED.

        To prevail on a motion to transfer venue, a defendant must establish that "'(1) the action is one that 'might have been brought' in the proposed transferee district, and (2) the transfer is appropriate given the convenience of the

-1-

parties and witnesses and in the interest of justice.'"[1]  "The Court assesses the balance of convenience and the interest of justice by weighing: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice based on the totality of the circumstances."[2]

This diversity action could have been brought in the Western District of Missouri. When sitting in diversity, personal jurisdiction is based on the long-arm statute of the forum state.[3] Section 506.210 of the Missouri Revised Statutes provides that:

> The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:
>
> (1) An agreement by him that he, his executor,

---

[1] *Jacobsen v. Dhundale*, No. 15 Civ. 6677, 2016 WL 94256, at *1 (S.D.N.Y. Jan. 7, 2016) (quoting *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 401 (S.D.N.Y. 2005)).

[2] *Indian Harbor*, 419 F. Supp. 2d at 401.

[3] *See, e.g., In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 723 (S.D.N.Y. 2003).

> administrator or other legal representative shall be subject to the jurisdiction of the courts of this state in all civil actions and proceedings brought against him, his executor, administrator, or other legal representative by either a resident or nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation . . . .

This action — based entirely on a fatal one-car accident that took place in Missouri — qualifies under the terms of this statute. All parties consented to jurisdiction in Missouri through the use and operation of their respective motor vehicles on Missouri highways, and complete diversity exists between the parties. The first prong of the test for transfer of venue is therefore met.

The second prong is also met — almost all of the factors this Court must consider when determining whether a change of venue is appropriate militate towards transfer. The events underlying the action took place in Missouri. Several witnesses, including the coroner, various law enforcement officials, and experts who investigated the scene of the accident, are located in Missouri — and are outside the plaintiff's range of subpoena power. Missouri tort law will govern the outcome of the action. Indeed, New York has no clear connection to the events underlying this action — its only connection to this case appears to be as Flat Rate's principal place of business.

While plaintiff raises certain arguments in favor of retaining the case

-3-

in New York, including (1) that it would be more convenient for plaintiff, a resident of Israel, to try this case in New York, and (2) that certain records and their custodians are located in New York or New Jersey, these countervailing considerations are insufficient to overcome this Court's determination that, given the totality of the circumstances, this case is best heard in the Western District of Missouri.

For the foregoing reasons, defendants' motion is GRANTED. The Clerk of the Court is directed to close this motion (Dkt. No. 42), and to transfer this case forthwith to the Western District of Missouri.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        March 17, 2016


## -Appearances-

**For Plaintiff:**

Steven J. Mandel, Esq.
Christopher Trochiano, Esq.
The Law Firm of Steven J. Mandel, PC
370 Lexington Avenue
New York, NY 10017
(212) 697-7383

**For Defendant Juan C. Diaz-Casamayor:**

Richard D. Bentzen, Esq.
Cerussi & Spring
One North Broadway
White Plains, NY 10601
(914) 948-1200

**For Defendants Flat Rate Long Distance Inc. and Penske Truck Leasing Co.:**

Roland T. Koke, Esq.
Rende, Ryan & Downes, LLP
202 Mamaroneck Avenue
White Plains, NY 10601
(914) 681-0444